# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estate of Woodbridge Group of Companies, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>(SEE *EXHIBIT I* ATTACHED HERETO),<br><br>Defendant. | Adv. Proc Case Nos. (SEE *EXHIBIT I*) |

## CERTIFICATE OF SERVICE

STATE OF NEW YORK       )
                                                ) ss.:
COUNTY OF NEW YORK   )

I, ALISON MOODIE, being duly sworn, deposes and says:

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification number are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

1. I am employed as a Senior Case Manager by Epiq Corporate Restructuring, LLC,[2] located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On September 4, 2020, I caused to be served the "Scheduling Order," hereto attached as Exhibit II, by causing true and correct copies to be:

   i. enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit A, and

   ii. delivered via electronic mail to those parties listed on the annexed Exhibit B.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

/s/ Alison Moodie
Alison Moodie

Sworn to before me this
18th day of September, 2020
/s/ Diane M. Streany
Notary Public, State of New York
No. 01ST5003825
Qualified in Westchester County
Commission Expires November 2, 2022

---

[2] Epiq Class Action & Claims Solutions, Inc. acquired Garden City Group, LLC on June 15, 2018.

# EXHIBIT I

| **Defendant(s)** | **Adv. Proc. Case No.** |
|---|---|
| ELIZABETH HASKELL | 19-50839 |
| JAMES E. CAMPBELL JR. INC. d/b/a CAMPBELL FINANCIAL CORP.; JAMES CAMPBELL | 19-50965 |
| ASCENSUS, LLC DBA PROVIDENT TRUST GROUP, CUSTODIAN FOR THE BENEFIT OF DONALD L. ENGLE JR. IRA; DONALD L. ENGLE JR. | 19-50566 |
| ASCENSUS, LLC DBA PROVIDENT TRUST GROUP, CUSTODIAN FOR THE BENEFIT OF DEBORAH J. MURPHY IRA; DEBORAH J. MURPHY | 19-50583 |
| MAINSTAR TRUST, CUSTODIAN FOR THE BENEFIT OF SHERRY L COLLVER; SHERRY L. COLLVER | 19-50794 |
| MAINSTAR TRUST, CUSTODIAN FOR THE BENEFIT OF JEANNE MARIE SPEZIA; JEANNE MARIE SPEZIA | 19-50806 |
| CHRISTOPHER J. WATSON | 19-50848 |
| CHRISTOPHER LONGWORTH | 19-50928 |
| ERIC LITTLE | 19-50944 |
| FRONTIER ADVISORS GROUP INC.; DAVID NICHOLS | 19-50945 |
| ALFRED S. MALIANNI, IN HIS CAPACITY AS CO-TRUSTEE OF THE ALFRED S. & GAIL MALIANNI REVOCABLE LIVING TRUST; GAIL E. MALIANNI, IN HER CAPACITY AS CO-TRUSTEE OF THE ALFRED S. & GAIL MALIANNI REVOCABLE LIVING TRUST; ALFRED S. MALIANNI; GAIL E. MALIANNI | 19-51034 |
| UMA GAJAVADA | 19-51046 |
| JAY N. BROWN | 19-51047 |
| ASCENSUS, LLC DBA PROVIDENT TRUST GROUP, CUSTODIAN FOR THE BENEFIT OF CHRISTOPHER M. SOULIER ROTH IRA; CHRISTOPHER M. SOULIER | 19-51050 |
| STRUCTURED STRATEGIES, LLC; ALAN HOFFMAN | 19-51067 |
| DEB BRUNDAGE | 19-51069 |

# EXHIBIT II

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>      Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estate of Woodbridge Group of Companies, LLC, *et al.*,<br><br>      Plaintiff,<br><br>v.<br><br>(SEE *EXHIBIT 1* ATTACHED HERETO),<br><br>      Defendant. | Adv. Proc. Case Nos. (SEE *EXHIBIT 1*) |

## SCHEDULING ORDER

    To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

    **IT IS HEREBY ORDERED** that:

    1.  The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

    2.  The above-captioned adversary proceedings are assigned to mediation pursuant to Local Rule 9019-5.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

3.	No later than thirty (30) days after this Scheduling Order is entered, the Defendant shall provide the Plaintiff with a list of three (3) proposed mediators.

4.	No later than forty-five (45) days after this Scheduling Order is entered, the parties shall file a Stipulation Regarding Appointment of a Mediator setting forth the mediator selected by the parties and the date the mediation has been set to commence.  If the Parties cannot agree on a mediator, the Plaintiff shall file a statement alerting the Court of such inability and a request that the Court select and appoint a mediator to the proceeding.

5.	All formal discovery between the parties, including, but not limited to the service of initial disclosures under Fed.R.Civ.P. 26(a)(1), shall be tolled until after the filing of the Mediator's Certificate of Completion pursuant to Local Rule 9019-5(f)(ii).  The form of stipulation tolling discovery attached hereto as **Exhibit A** is hereby approved.

6.	The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than thirty (30) days after the filing of the Certificate of Completion.  Any extension of the deadline to provide initial disclosures may be made by agreement of the parties or by Order of the Court for good cause shown.

7.	All fact discovery shall be completed no later than one hundred twenty (120) days after the filing of the Certificate of Completion.

8.	Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, no later than one hundred sixty-five (165) days after the filing of the Certificate of Completion.  If the Defendant intends to

provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than one hundred fifty (150) days after the filing of the Certificate of Completion, and any such expert report must be provided no later than one hundred eighty (180) days after the filing of the Certificate of Completion. Any expert rebuttal report by Plaintiff on the insolvency of the Debtors, shall be provided no later than two hundred ten (210) days after the filing of the Certificate of Completion. Any Party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than thirty (30) days after the report being rebutted, provided, however, that in no event shall the thirty (30) day period start prior to one hundred twenty (120) days after the filing of the Certificate of Completion. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed no later than two hundred seventy (270) days after the filing of the Certificate of Completion.

9. If either party does not agree to toll discovery until after the conclusion of mediation in accordance with paragraph 5 of this Order, it must notify the other party in writing within five (5) days of the entry of this Scheduling Order, and, in such instances, the following subparagraphs (a) through (d) shall apply:

    (a) The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

(b) The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than thirty (30) days after the date this Scheduling Order is entered.  Any extension of the deadline to provide initial disclosures may be made by agreement of the parties or by Order of the Court for good cause shown.

(c) All fact discovery ("Fact Discovery") shall be completed no later than one hundred twenty (120) days after the date this Scheduling Order is entered.

(d) Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the Party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtor, no later than one hundred sixty-five (165) days after the date this Scheduling Order is entered.  If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than one hundred fifty (150) days after the date this Scheduling Order is entered, and any such expert report must be provided no later than one hundred eighty (180) days after the date this Scheduling Order is entered. Any expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than two hundred ten (210) days after the date this Scheduling Order is entered.  Any Party's expert report intended to rebut any other expert report, including any other expert reports that may

be filed earlier than the deadlines established in this subparagraph, shall be provided no later than thirty (30) days after the report being rebutted, provided, however, that in no event shall the thirty (30) day period start prior to one hundred twenty (120) days after the date this Scheduling Order is entered.  All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B).  All expert discovery shall be completed, and discovery shall close, no later than two hundred seventy (270) days after the date this Scheduling Order is entered.

10. All motions pursuant to Rule 5011-1 of the Local Rules, including a motion for withdrawal of the reference or motion for a determination of whether the Court has authority to enter final orders and judgments, shall be filed and served not sooner than thirty (30) days after the close of all discovery and not later than 60 days prior to trial, and shall be subject to the Local Rules.

11. All dispositive motions shall be filed and served by not later than thirty (30) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules.

12. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Shannon's chambers.

13. As soon as is feasible after the close of all discovery, the Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

14. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report sixty (60) days after the date of this Scheduling Order, each sixty (60) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

15. Deadlines contained in this Scheduling Order may be extended by written agreement of the parties or upon written motion or stipulation for cause shown.

16. The Plaintiff shall serve this Scheduling Order on each of the Defendant's in the above-captioned adversary proceedings within five (5) business days after the entry of this Order.

Dated: September 3rd, 2020　　　　　　　BRENDAN L. SHANNON UNITED STATES BANKRUPTCY
Wilmington, Delaware　　　　　　　　　　JUDGE

## EXHIBIT A TO ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (BLS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estate of Woodbridge Group of Companies, LLC, *et al*., | Adv. Proc No. 19- _____ (BLS) |
| Plaintiff, | |
| v. | |
| [DEFENDANT NAME], | |
| Defendant. | |

## STIPULATION TO TOLL
## DISCOVERY UNTIL AFTER THE CONCLUSION OF MEDIATION

Plaintiff Michael Goldberg, (the "Plaintiff"), as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estate of Woodbridge Group of Companies, LLC, *et al*., and the above-captioned defendant (the "Defendant" and together with the Plaintiff, the "Parties"), hereby agree and stipulate that, in according with the scheduling order dated _____, 2020, discovery shall be tolled until after the filing of a mediator's Certificate of Completion pursuant to Local Rule 9019-5(f)(ii).

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

Dated: _____, 2020

| | |
|---|---|
| [FIRM] | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| By: _____ | By: _____ |
|     [Attorney] | Richard M. Pachulski (CA Bar No. 90073) |
|     [Address] | Andrew W. Caine (CA Bar No. 110345) |
|     [City, State, Zip] | Bradford J. Sandler (DE Bar No. 4142) |
|     Tel: _____ | Colin R. Robinson (DE Bar No. 5524) |
|     Fax: _____ | 919 North Market Street, 17th Floor |
|     Email: _____ | P.O. Box 8705 |
| | Wilmington, DE 19899 (Courier 19801) |
| Counsel for Defendant | Telephone: 302-652-4100 |
| | Fax: 302-652-4400 |
| | Email: rpachulski@pszjlaw.com |
| |        acaine@pszjlaw.com |
| |        bsandler@pszjlaw.com |
| |        crobinson@pszjlaw.com |
| | |
| | Counsel for Plaintiff |

# EXHIBIT A

**Exhibit A**

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| ALAN K HOFFMAN | C/O STRUCTURED STRATEGIES, LLC | 7615 E CALLE LOS ARBOLES | | | TUCSON | AZ | 85750 |
| BRADLEY E. SCAFE, R/A FOR MAINSTAR TRUST | 5901 COLLEGE BLVD., STE. 100 | | | | LEAWOOD | KS | 66211-1834 |
| CHRISTOPHER M SOULIER | 602 WILLIAM WAY | | | | WAUNAKEE | WI | 53597 |
| CHRISTOPHER M. SOULIER | 703 LOCHMOORE DRIVE | | | | WAUNAKEE | WI | 53597 |
| DEB BRUNDAGE | PO BOX 6683 | | | | MESA | AZ | 85216 |
| DONALD L ENGLE JR | 859 BOLTON ABBEY LN | | | | VANDALIA | OH | 45377 |
| ERIC LITTLE | 226 CURTIS ST | | | | HUTCHINSON | KS | 67502-2422 |
| ERIC LITTLE | 605 CATALINA DR | | | | HUTCHINSON | KS | 67502-8413 |
| ERIC LITTLE | PO BOX 336293 | | | | GREELY | CO | 80634 |
| JAMES E. CAMPBELL | PO BOX 5167 | | | | WOODLAND PARK | CO | 80866 |
| JAY N BROWN | 1000 FOURTH ST STE 580 | | | | SAN RAFAEL | CA | 94901 |
| JAY N BROWN | 10 SANDPIPER CIRCLE | | | | CORTE MADERA | CA | 94925 |
| JEANNE MARIE SPEZIA | 4827 THEISS RD | | | | SAINT LOUIS | MO | 63128 |
| PROV. TR GP-FBO DEBORAH J MURPHY IRA | 8716 GLENROCK DR | | | | NEW HAVEN | IN | 46774 |
| UMA GAJAVADA | 5602 DEANE AVE | | | | LOS ANGELES | CA | 90043 |
| UNITED STATES CORPORATION | R/A FOR STRUCTURED STRATEGIES, LLC | 17470 N PACESETTER WAY | | | SCOTTSDALE | AZ | 85255 |

# EXHIBIT B

**Exhibit B**

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Email |
|---|---|---|---|---|---|---|---|---|
| BENNER-ROTHBOECK | ATTN: THOMAS BENNER | 1008 5TH ST. #1706 | | | ANACORTES | WA | 98221 | TOM@BEROLAW.COM |
| CHRISTOPHER J WATSON | 6675 W 80TH PL | | | | LOS ANGELES | CA | 90045 | chriswatson52@gmail.com; sehargrovelaw@aol.com |
| CIARDI CIARDI & ASTIN | ATTN JOSEPH J. MCMAHON JR. | 1204 N. KING STREET | | | WILMINGTON | DE | 19801 | JMCMAHON@CIARDILAW.COM |
| D ETHAN JEFFERY | | | | | | | | EJeffery@MurphyKing.com |
| ELIZABETH J HASKELL | 2746 FYNAMORE LN | | | | DOWNINGTOWN | PA | 19335 | elizabethjhaskell@gmail.com |
| SHERRY L COLLVER | 1746 CHATEAU DR SW | | | | WYOMING | MI | 49519-4916 | JCREWSLY@GMAIL.COM |
| SULLIVAN HAZELTINE ALLINSON LLC | ATTN WILLIAM D SULLIVAN | 901 N MARKET ST STE 1300 | | | WILMINGTON | DE | 19801 | bsullivan@sha-llc.com |